Benjamin H. SELPH, individually; Bryan W. Selph, individually; Selco, Inc., Benjamin H. Selph and Bryan W. Selph d/b/a Days Inn Hotel of Clarion, Pennsylvania, Appellants,

v.

NELSON, REABE AND SNYDER, INC., Appellee.

No. 91–2255.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1992.

Decided June 9, 1992.

---

Roslyn M. Litman, Pittsburgh, Pa., Sanford P. Krigel, Kansas City, Mo., and Mark R. Singer, Lenexa, Kan., for appellants.

Andrew H. McCue, Kansas City, Mo., for appellee.

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

PER CURIAM.

The Appellants (Selphs) appeal the district court's decision dismissing their complaint filed in the Western District of Missouri because they had previously filed the identical complaint in the federal district court for the Western District of Pennsylvania. We reverse the dismissal and remand to the district court with instructions to stay any further proceedings pending the resolution of the complaint filed in the Western District of Pennsylvania.

## I. BACKGROUND

The Selphs operate a chain of hotels in the state of Pennsylvania. In September 1986, they purchased a liquor liability and an umbrella liability insurance policy from their insurance broker, Nelson, Reabe & Snyder, Inc. (NRS), a Missouri resident. Several months later, Allen Fisher, who allegedly consumed alcohol at one of the Selphs' hotels, left the hotel and was killed in an automobile accident. The Fisher estate sued the Selphs in Pennsylvania state court in September 1987.

In March 1989, the Fisher estate's lawsuit was settled. Selphs' insurers, however, refused to fund the settlement agreement. The Fisher estate then sued the Selphs again in Pennsylvania state court in December 1989 to enforce the settlement agreement. Shortly thereafter, the Selphs impleaded the insurance carriers and removed the case to federal court in Pennsylvania.

On September 21, 1990, the Selphs filed a separate federal complaint against NRS in the Pennsylvania federal court. Both the Fisher estate's state petition and the Selphs' federal complaint against NRS have since been consolidated in the Pennsylvania federal court.

On September 25, 1990, the Selphs filed the identical federal complaint against NRS in the Western District of Missouri. The Selphs contend that such action is necessary because the parties vigorously dispute whether the Pennsylvania federal court has personal jurisdiction over NRS. Furthermore, if the Pennsylvania federal court is found on appeal not to have jurisdiction over NRS, the Selphs contend that their cause of action against NRS in federal court in Missouri might be barred because the Missouri statute of limitations might have run.

On November 1, 1990, NRS moved the Pennsylvania federal court to dismiss the complaint because of a lack of personal jurisdiction over NRS and improper venue. The court denied the motion on January 2, 1991. NRS subsequently requested the Selphs to voluntarily dismiss their Missouri federal complaint. The Selphs tentatively agreed, provided that either NRS stipulate that the Pennsylvania federal court has personal jurisdiction over NRS or, alternatively, that NRS will agree to waive the applicable Missouri statute of limitations. NRS rejected both stipulations.

On March 27, 1991, NRS moved the federal court in Missouri to dismiss the Selphs' parallel complaint. The court below granted NRS's motion and dismissed the complaint without prejudice on April 25, 1991, finding that the Selphs' conduct amounted to impermissible "forum-shopping." The Selphs appeal this decision.

## II. DISCUSSION

The Selphs argue that any "possibility of prejudice" can be avoided by simply staying the Missouri complaint rather than dismissing it. In response, NRS argues that any prejudice to the Selphs is simply the "byproduct of the Selphs' own decision to sue NRS in Pennsylvania," and therefore, the Selphs must accept the consequences, even if it means that their cause of action

will be barred by the statute of limitations. We agree with the Selphs.

First, if on appeal the federal court in Pennsylvania is found not to have personal jurisdiction over NRS, only a stay ensures that the federal court in Missouri will meet its "virtually unflagging obligation ... to exercise the jurisdiction given [it]." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). A stay tolls the statute of limitations, which avoids the risk that the Selphs' cause of action will be time-barred, and thus guarantees the Selphs (noncitizens of Missouri) a federal forum in which to litigate their cause of action against NRS. *See Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 244 (9th Cir.1989). In sharp contrast, by the dismissal of the Missouri complaint, the Selphs risk the possibility that their cause of action would become time barred in Missouri, and thus, the federal court in Missouri would fail to meet its obligation.

Second, NRS argues that a district court is presumptively correct in dismissing a second filed complaint because it was previously filed in another federal district court. *See Orthmann v. Apple River Campground*, 765 F.2d 119, 121 (8th Cir.1985). In *Orthmann*, the plaintiff filed the identical complaint in two federal district courts: initially in the District of Minnesota, and then in the Western District of Wisconsin. *Id.* at 120. All of the parties agreed to personal jurisdiction in Wisconsin, but the defendants vigorously disputed the issue of whether the Minnesota federal court had personal jurisdiction. *Id.* at 121. The Minnesota complaint was dismissed even though it was filed first, because the proceeding was further developed in the Wisconsin federal court and all of the parties agreed to personal jurisdiction in Wisconsin. *Id.* We find our case distinguishable from *Orthmann*. NRS continues to dispute whether the federal court in Pennsylvania has personal jurisdiction. Therefore, unlike *Orthmann*, there is not one federal court in which all of the parties agree to personal jurisdiction.

Third, we find that the Selphs filed the complaint in the Missouri federal court in good faith. To this day, NRS refuses to stipulate to personal jurisdiction in the Pennsylvania federal court. Because the Selphs filed their complaint in the Missouri federal court in order to insure a federal forum in which to litigate their cause of action against NRS, we find that such action is reasonable under the circumstances and does not constitute impermissible "forum-shopping."

Fourth, a stay will potentially save limited judicial resources, which is a laudable goal. *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. The Pennsylvania federal court consolidated the Fisher estate's state petition and the Selphs' federal complaint against NRS. Since the Selphs' complaint in the Missouri federal court has been dismissed without prejudice, the Selphs are free to try to drop NRS from the Pennsylvania case and relitigate against NRS in the Missouri federal court. This would require two federal courts to dispose of portions of the total litigation. In contrast, if the Selphs' complaint in the Missouri federal court is stayed, the Pennsylvania federal court is provided the opportunity to comprehensively dispose of the entire case and thereby conserve limited judicial resources, while protecting the Selphs against an adverse personal jurisdiction result on appeal.

Finally, the Selphs argue that a stay, rather than a dismissal, is the most appropriate procedural mechanism based on the principles underlying the doctrine of concurrent federal jurisdiction articulated in *Colorado River*. NRS contends that the *Colorado River* doctrine only applies to issues involving state-federal concurrent jurisdiction and therefore is inapplicable to this case. We recognize that the *Colorado River* doctrine applies to issues involving state-federal concurrent jurisdiction. *See Colorado River*. The Supreme Court, nevertheless, discussed the issue of concurrent federal jurisdiction in *Colorado River* and stated that the general principle is to "avoid duplicative litigation." *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (citations omitted). This principle rests upon "considerations of '[w]ise judicial ad-

ministration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Id.* (citations omitted). Applying these principles, we find that the district court abused its discretion in dismissing the Missouri complaint. *See United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.,* 920 F.2d 487, 489 n. 6 (8th Cir.1990).

### III. CONCLUSION

We reverse the district court's dismissal of the complaint and remand to the district court with instructions to stay any further proceedings in this case pending the resolution of the complaint filed in the Western District of Pennsylvania.