**JAVIER H., et al., Plaintiffs,**

v.

**Maria GARCIA–BOTELLO, et al., Defendants.**

No. 02–CV–0523S(Sr).

United States District Court, W.D. New York.

Sept. 29, 2006.

Anita C. Butera, Farmworker Legal Services of New York, Inc., Rochester, NY, Daniel Werner, Workers' Rights Law Center Of New York, Inc., Kingston, NY, John J.P. Howley, Melissa Giordano, Shefali Kothari, Kaye Scholer LLP, New York, NY, for Plaintiffs.

John J. Lavin, Lavin & Kleiman, Sean Dennis Hill, Gretchen L. Wylegala, U.S. Attorney's Office, Buffalo, NY, Richard A. Dollinger, Barrett Greisberger Dollinger Fletcher Peartree & Tallon LLP, Pittsford, NY, Christine M. Cooper, Monte B. Lake, Natalie K. Brouwer, McGuiness Norris & Williams, LLP, Washington, DC, for Defendants.

## DECISION AND ORDER

SCHROEDER, United States Magistrate Judge.

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. # 29.

Currently before the Court is plaintiffs' motion for leave to file a second amended

complaint. Dkt. # 91. Specifically, plaintiffs seek permission to make the following changes to their first amended complaint:

1. amend civil RICO allegations against Contractor Defendants;

2. add an Alien Tort Claims Act cause of action against the Contractor Defendants;

3. add a Thirteenth Amendment cause of action against the Contractor Defendants;

4. assert a civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), cause of action against defendants Anthony Piedimonte, Howard Produce Sales, Inc.; Patsy Vigneri & Sons, Inc.; and David Piedmont ("Grower Defendants");

5. correct the complaint to name DelMar Farms, Inc., Ronald E. Weiler d/b/a/ Ronclar Farms, Howard Produce Sales, Inc. and Patsy Vigneri & Sons, Inc. as the proper legal entities with respect to defendants Rodney Winkstern, Ronald E. Weiler, Steven Howard and Philip Vigneri, respectively;

6. add Penna's Farms, Nicholas Penna, Marky's & Son's, Inc., John J. Kasmer Farm, LLC, Roots Brothers Farms, Norman Farms, Jim Norman, Carolyn Norman, Hearnes Produce, John Hearnes, and Elizabeth Hearnes, Saffold Farms, Bill Saffold, Jim Bradwell, Pickle Bob, Taylor Gustavo, and Rodney & Sue as defendants; and

7. add Daniel Victoria Leon and Agustin San Juan as plaintiffs.

Dkt. # 92. For the following reasons, plaintiffs' motion is granted in part and denied in part. In addition, defendants' request that the Court strike certain references in the proposed second amended complaint is denied.

## DISCUSSION AND ANALYSIS

### Leave to Amend the Complaint—Fed. R.Civ.P 15(a)

Fed.R.Civ.P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party. Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981); Fed.R.Civ. P.15(a). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted." *W.R. Grace & Co. v. Zotos Int'l, Inc.*, 2000 WL 1843282 (W.D.N.Y.2000).

"[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.2001), *citing Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). "Thus, while futility is a valid reason for denying a motion to amend, this is true only where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 70–71 (2d Cir.1999) (internal quotations and citations omitted). The decision to grant or deny a motion for leave to amend a pleading is within the discretion of the district court. *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

### Relation Back Doctrine—Fed. R. Civ. P. 15(c)

Fed.R.Civ.P. 15(c) provides that

An amendment of a pleading relates back to the date of the original pleading when

\*　　\*　　\*　　\*　　\*　　\*

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a

claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

■ Pursuant to Fed.R.Civ.P. 15(c)(2), "the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Slayton v. American Express Co.*, 460 F.3d 215, 228 (2d Cir. Aug.7, 2006). In other words, "the basic claim must have arisen out of the conduct set forth in the original pleading . . . ." *Id.* Pursuant to Fed. R.Civ.P. 15(c)(3), there are

> three requirements that must be met before an amended complaint that names a new party can be deemed to relate back to the original timely complaint. First, both complaints must arise out of the same conduct, transaction, or occurrence. Second, the additional defendant must have been omitted from the original complaint by mistake. Third, the additional defendant must not be prejudiced by the delay.

*VKK Corp. v. National Football League*, 244 F.3d 114, 128 (2d Cir.2001). Although the definition of mistake encompasses "an error, such as a misnomer or misidentification," the Rule "does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469–70 (2d Cir.1995). To avoid prejudice, "the party to be added must have received notice of the action before the statute of limitations has run." *Schiavone v. Fortune*, 477 U.S. 21, 32, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

## Leave to Add Parties—Fed. R. Civ. P. 21

■ Although Fed.R.Civ.P. 15(a) generally governs the amendment of complaints, where the proposed amendment seeks to add new parties, Fed.R.Civ.P. 21 governs. *Rush v. Artuz*, 2001 WL 1313465, at *5 (S.D.N.Y., Oct. 26, 2001). Rule 21 states that "[p]arties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." Fed. R.Civ.P. 21. "In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Rush*, 2001 WL 1313465, at *5 (internal quotation omitted); *see Clarke v. Fonix Corp.*, 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999), *aff'd* 199 F.3d 1321 (2d Cir.1999).

### Leave to Amend RICO Allegations Against Contractor Defendants

■ In accordance with Fed.R.Civ.P. 15(c)(2), plaintiffs request to amend the complaint to supplement the law and facts regarding the RICO claim against the Contractor Defendants is granted. Whiel the allegations set forth in the proposed second amended complaint are significantly more detailed than those contained in the amended complaint, they clearly arise out of the conduct, transactions and occurrences set forth in the amended complaint.

### Leave to Add Alien Tort Claims Act Cause of Action Against the Contractor Defendants

■ "The Alien Tort Claims Act allows aliens to bring civil actions in federal courts for tort claims based on violations of international law or United States treaties." *Manliguez v. Joseph*, 226 F.Supp.2d 377, 386 (E.D.N.Y.2002), *citing* 28 U.S.C. § 1350. It is well-established that the ten-year statute of limitations of the Torture Victims Protection Act applies to Alien Tort Claims. *Id.* As plaintiffs' Alien Tort Claims Act cause of action is timely in as much as it is alleged to have accrued in July and August of 2001, this aspect of plaintiffs' motion to amend is granted.

### Leave to Add Thirteenth Amendment Claim Against the Contractor Defendants

■ "The Thirteenth Amendment and its enforcing statute, 18 U.S.C. § 1584, prohibit involuntary servitude," which is "defined as 'a condition of servitude in which the victim

is forced to work for a defendant by use or threat of physical restraint or injury or by use of coercion through law or legal process.' " *Manliguez*, 226 F.Supp.2d at 383, *quoting United States v. Kozminski*, 487 U.S. 931, 952, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988). The statute of limitations for a private civil action pursuant to 18 U.S.C. § 1584 based on involuntary servitude is three years. *Id.* at 386. However, the Court stayed discovery from September 12, 2003 through June 2, 2005. Dkt. # 67, 74. The statute of limitations was equitably tolled during the stay of discovery. *Cole v. Miraflor*, No. 99 CIV 977, 2001 WL 138765 (S.D.N.Y. Feb.19, 2001); *see Selph v. Nelson, Reabe & Snyder, Inc.*, 966 F.2d 411, 413 (8th Cir.1992) ("A stay tolls the statute of limitations . . . ."), *cert. denied*, 506 U.S. 1000, 113 S.Ct. 603, 121 L.Ed.2d 539 (1992). Since there was approximately eleven months remaining on the statute of limitations at the time that the stay of discovery was ordered, the filing of the proposed second amended complaint within five months of the lifting of the stay of discovery was within the statute of limitations. Moreover, even if the statute of limitations had run, the allegations supporting this cause of action "arose out of the conduct, transaction, or occurrence set forth in the original pleading," *to wit*, allegations in the first amended complaint that, *inter alia*, the Contractor Defendants told plaintiffs that they were not free to leave, threatened physical harm should they attempt to leave, controlled the hours that they worked and retained their pay. Dkt. # 4. Accordingly, this aspect of plaintiffs' motion is granted.

*Leave to Add RICO Cause of Action Against Four Grower Defendants*

Defendants oppose the motion to assert a civil RICO claim, pursuant to 18 U.S.C. § 1962(d), against Anthony Piedmonte, Howard Produce Sales, Inc., Patsy Vigneri & Sons, Inc. and David Piedmonte ("Grower Defendants"), as barred by the statute of limitations. Dkt. # 99, pp. 8–11; Dkt. # 100, pp. 5–6. The Grower Defendants argue that the RICO claim does not relate back to the original complaint and was not equitably tolled by the stay of discovery. Dkt. # 99, pp. 11–13; Dkt. # 100, pp. 6–12. Specifically, the Grower Defendants assert that the original complaint failed to afford them notice of any agreement or conspiracy with the Contractor defendants. Dkt. # 99, p. 12. Moreover, the Grower Defendants argue that they will be prejudiced by the drastically different theory of recovery sought to be asserted against them and their alleged link to confessed criminals. Dkt. # 99, pp. 14–16.

Plaintiffs concede that the RICO causes of action accrued when plaintiffs discovered their RICO injury of lost wages in August, 2001, but assert that the claim relates back to the filing of the original complaint. Dkt. # 103, p. 5. Specifically, plaintiffs allege that defendant have been on notice of the essential facts that form the basis of plaintiffs' RICO claims, *to wit*, the existence of an illegal, fraudulent trafficking scheme and that plaintiffs' allegations that the contractor defendants and grower defendants were joint employers should have put them on notice of plaintiffs' interest in discovering the relationship between the contractor and grower defendants. Dkt. # 103, pp. 5–6. Alternatively, plaintiffs argue that the statute of limitations was tolled by the stay of discovery in effect from September 12, 2003 through June 2, 2005. Dkt. # 103, pp. 7–10. Plaintiffs assert that they were unable to obtain the documents which support the RICO claim against the Grower Defendants until the stay of discovery was lifted. Dkt. # 103, p. 9.

 The statute of limitations for a civil RICO claim is four years. *Agency Holding Corp. v. Malley–Duff & Assocs., Inc.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). The statute begins to run no later than when the plaintiff discovers or should have discovered the RICO injury. *Rotella v. Wood*, 528 U.S. 549, 554, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000); *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 35 (2d Cir.2002), *overruled on other grounds by Slayton*, 460 F.3d 215. Since plaintiffs concede that they suffered their alleged RICO injury of lost wages in July and August, 2001, the statute of limitations ran in July and August, 2005. However, the Court's stay of discovery, which the Grower Defendants did not oppose, was in effect from September 12, 2003 through June 2, 2005. Dkt. ## 58, 67, 74. The statute of

348

limitations was equitably tolled during the stay of discovery. *Cole*, 2001 WL 138765, at *6; *see Selph*, 966 F.2d at 413 ("A stay tolls the statute of limitations ...."). Since there were almost two years remaining on the statute at the time the stay of discovery was ordered, the filing of the proposed amended complaint within five months of the lifting of the stay of discovery was within the statute of limitations. Accordingly, the RICO cause of action against the Grower defendants is timely regardless of whether the allegations supporting the civil RICO claim relate back to the first amended complaint.

*Leave to Correctly Identify Existing Defendants*

■ Plaintiffs seek to amend the complaint in response to defense counsel's representation that defendants Rodney Winkerstern, Ronald E. Weiler, Steven Howard and Philip Vigneri should be named in their corporate capacity, *to wit,* DelMar Farms, Inc., Ronald E. Weiler d/b/a/ Ronclar Farms, Howard Produce Sales, Inc. and Patsy Vigneri & Sons, Inc. Dkt. #93, ¶3. As Fed. R.Civ.P. 15(c)(3) clearly applies to correct the apparent misidentification of the legal entity alleged to be responsible for plaintiffs' injuries, this aspect of plaintiffs' motion to amend is granted. *See Schiavone*, 477 U.S. at 29, 106 S.Ct. 2379 ("Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party."); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir.1997) ("The substitution of [a corporate plaintiff for the individual shareholders] after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based.").

*Leave to Add Additional Defendants*

■ "Where a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes." *In re Integrated Resources Real Estate Secs. Litig.*, 815 F.Supp. 620, 645 (S.D.N.Y.1993). In the instant case, plaintiffs motion to join addi-

tional defendants was filed on October 7, 2005. Dkt. #91. Moreover, in applying the statute of limitations, the Court must account for the twenty months which was equitably tolled during the stay of discovery between September 12, 2003 and June 2, 2005. *Cole*, 2001 WL 138765, at *6; *see Selph*, 966 F.2d at 413 ("A stay tolls the statute of limitations ...."). As a result, any cause of action with a statute of limitations of three years or more would be timely. Accordingly, plaintiffs may join the defendants with respect to the following causes of action: Migrant and Seasonal Agricultural Work Protection Act; RICO; Alien Tort Claims; New York Breach of Contract; New York Labor Law; Fraud; Thirteenth Amendment and willful FLSA claims.

In contrast, any cause of action with a two year statute of limitations would have expired before the filing of the amended complaint and any cause of action with a one year statute of limitations would have run before the time the stay was entered. Thus, the FLSA claim (absent the allegation of willfulness), and the false imprisonment, intentional infliction of emotional distress, and assault claims are time barred unless they relate back to the filing of the original pleading. However, the evidence before the Court does not suggest that the proposed defendants were omitted from the original pleading because of a mistake concerning their proper identity, but were omitted because plaintiffs' counsel lacked knowledge of their existence until counsel was able to review the evidence used in the criminal prosecution of several of the Contractor Defendants, disclosure of which was directed by the Court during a status conference on July 25, 2005. Dkt. #93, ¶¶4–5. "Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met." *Barrow*, 66 F.3d at 470. Accordingly, plaintiffs' untimely claims do not relate back to the filing of the original pleading.

*Leave to Name Additional Plaintiffs*

■ Defendants argue that the proposed plaintiffs' claims are time barred and do not relate back to the filing of the original complaint. Dkt. #100, p. 16. Defendants also

assert that at least one of the proposed plaintiff's claims expands the time period of the violations alleged by the original plaintiffs, thereby improperly expanding the potential class members. Dkt. # 100, pp. 15–16.

Plaintiffs assert that because this action was filed as a class action, the statute of limitations has been tolled for all class members. Dkt. # 103, p. 4. Plaintiffs contend that the newly discovered plaintiffs are already members of the putative class because their injuries and causes of action are identical to those of the currently named plaintiffs. Dkt. # 103, p. 4.

■■■ The United States Supreme Court has affirmed that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354–54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), *quoting American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

> Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.

*Id.* at 355, 103 S.Ct. 2392.

Although the instant case was filed as a class action on July 22, 2002, plaintiffs have not moved to certify the class. Pursuant to Local Rule 23(d):

> Within 120 days after the filing of a pleading alleging a class action, unless this period is extended on motion for good cause filed prior to the expiration of said 120–day period or in the scheduling order, the party seeking class certification shall move for a determination under Federal Rule of Civil Procedure 23(c)(1) as to whether the case is to be maintained as a class action.

Moreover, Local Rule 23(g) provides that:

> Failure to move for class determination and certification within the time required herein shall constitute and signify an inten-

tional abandonment and waiver of all class action allegations contained in the pleading and the action shall proceed as an individual, non-class action thereafter. If any motion for class determination or certification is filed after the deadline provided herein, it shall not have the effect of reinstating the class allegations unless and until it is acted upon favorably by the Court upon a finding of excusable neglect and good cause.

Plaintiffs did not move to certify the class by the deadline of November 19, 2002, nor did they move for an extension of time to do so. Accordingly, the statute of limitations for any member of the putative class was only tolled for a period of 120 days.

The proposed plaintiffs moved to join this action on October 7, 2005, alleging injuries which extend through August, 2001.[1] Dkt. # 91. Applying the 120 days during which the statute of limitations was tolled due to the filing of the complaint as a class action, any cause of action with a four year statute of limitations or more would be timely, while any cause of action with a three year statute of limitations or less would be time barred. Thus, the proposed plaintiffs may join the complaint with respect to the following causes of action: Migrant and Seasonal Agricultural Work Protection Act; RICO; Alien Tort Claims; New York Breach of Contract; New York Labor Law; and Fraud. In contrast, the proposed plaintiffs' Thirteenth Amendment, FLSA, false imprisonment, intentional infliction of emotional distress, and assault claims are time barred unless they relate back to the filing of the original pleading.

"While Rule 15(c) is framed in terms of an amendment that would change the party 'against' whom a claim is asserted and of the new party's ability to maintain a 'defense,' it is also applicable to a proposed change of plaintiffs." *Advanced Magnetics*, 106 F.3d at 19; *see In re Integrated Resources Real Estate Securities Litigation*, 815 F.Supp. 620, 642 (S.D.N.Y.1993) (citing Advisory

[1]. Although plaintiff Agustin San Juan's allegations of injuries beginning in or around 1996 and continuing at various times through 2001 may raise statute of limitations with respect to certain causes of action, the Court declines to address the appropriate scope of his claims at this stage of the proceedings.

Committee Notes to the 1966 amendment stating that "the attitude taken ... toward change of defendants extends by analogy to amendments changing plaintiffs."). However, the evidence before the Court does not suggest that the proposed new plaintiffs were omitted from the original pleading because of a mistake concerning their proper identity, but because of plaintiffs' counsels lack of knowledge of their existence. Dkt. # 93, ¶ 6. "Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met." *Barrow*, 66 F.3d at 470. Accordingly, plaintiffs' untimely claims do not relate back to the filing of the amended complaint.

### Motion to Strike—Fed. R. Civ. P. 12(f)

██ In the event that the Court permits the amendment of the complaint, defendants ask the Court to strike references to the "RICO Conspiracy Grower Defendants;" characterization of plaintiffs' work as "grueling" and "back-breaking;" characterization of the Contractor Defendants as taking "advantage" of workers who would be "fearful" of governmental authorities; descriptions of the plaintiffs' housing as "squalid" and subject to "horrendous conditions;" allegations that the Contractor Defendants threatened that the plaintiffs would be "hunted and beaten if they attempted to escape;" characterization of the handwriting and signature on employment forms as "markedly similar, suggesting they were completed and signed by the same hand;" suggestions that the RICO Conspiracy Grower Defendants "had authority to require that the Contractor Defendants cease their commission of the pattern of racketeering activity," but "failed to exercise this authority;" and references to the criminal conduct and guilty pleas of the Contractor Defendants. Dkt. # 100, pp. 19–22.

Plaintiffs respond that "[t]he portions of the pleadings that Defendants seek to strike are directly related to Plaintiffs' existing claims under labor, contract, and human rights law and provide the factual foundation for the RICO conspiracy claims." Dkt. # 103, p. 15.

██ Fed.R.Civ.P. 12(f) provides that

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

"Motions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Reiter's Beer Dist., Inc. v. Christian Schmidt Brewing Co.*, 657 F.Supp. 136, 143 (E.D.N.Y.1987). "Allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *G–I Holdings, Inc. v. Baron & Budd*, 238 F.Supp.2d 521, 555 (S.D.N.Y.2002). However, inclusion in the complaint of criminal pleas are not subject to a motion to strike where they form the factual basis for alleged racketeering acts. *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 793 F.Supp. 1114, 1155 (E.D.N.Y.1992). In the instant case, when considered within the context of the claims alleged, the challenged portions of the proposed amended complaint are relevant and are not impertinent or scandalous. Accordingly, defendants' motion to strike is denied.

### CONCLUSION

For the foregoing reasons, the plaintiffs' motion to file a second amended complaint (Dkt.# 91), is **GRANTED IN PART.** Plaintiffs shall file their second amended complaint within 30 days of the entry of this Order.

**SO ORDERED.**