Jose M. SANCHEZ MORRABAL, et al., Plaintiff(s)

v.

OMNI AIR SERVICES, CO., et al., Defendant(s).

Civil No. 06–1682(JAG).

United States District Court, D. Puerto Rico.

July 6, 2007.

Dennis J. Cruz–Pérez, Juan Ramón Rodríguez–López, Ponce, PR, Héctor A. Deliz, San Juan, PR, for plaintiff.

Diego A. Ramos, Esq., José L. Ramírez–Coll, Esq., Fiddler, González & Rodríguez, San Juan, PR, for defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is a Motion to Dismiss filed on December 23rd, 2006, by defendants Omni Air Services, Region Insurance Co., AIG Aviation Inc., Indemnity Insurance Co., North America Associate Aviation Underwriters, and Lloyd & London British Insurance Company [sic]. (collectively, "defendants")(Docket No. 17). For the reasons discussed below, the Court **GRANTS** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On February 17th, 2001, plaintiff Jose M. Sanchez–Morrabal ("Sanchez") fell off a passenger loading ramp while boarding a DC–10 plane in Honduras. As a result of the fall, Sanchez suffered a "right open calcaneus fracture, left tibial plateau fracture and a L2 compression fracture." Sanchez was first evaluated at a local Honduran facility and then transferred to Brooke Army Medical Center in Fort Sam Houston, Texas. On February 21st, 2001, he underwent surgery at the Orthopedic Surgery Service.

The DC–10 plane Sanchez was boarding was later identified as property of defendant Omni Air International ("Omni").[2] At the time of the accident, Sanchez was a member of the Puerto Rico Army National

---

1. The Court takes the relevant facts from the Complaint and the First Amended Complaint. (Dockets No. 1 and 22–1).

2. Omni is sued here as Omni Air Services.

Guard in active military duty at the United States Embassy in Honduras. The United States government had contracted with Omni the transfer of personnel between Puerto Rico and Honduras. The accident in question occurred while plaintiff was boarding his flight back to Puerto Rico.

The present complaint was filed on July 7th, 2006, pursuant to the Warsaw Convention,[3] the Medical Recovery Act,[4] the American with Disabilities Act (ADA),[5] and articles 1802 and 1803 of the Puerto Rico Civil Code. (Docket No. 1). Sanchez alleges damages in the amount of no less than $2 million dollars. The U.S. Army appears as plaintiff to recover "the sum of money furnished and to be furnished to co-plaintiff Sanchez for care and medical treatment." *Id.*, at 2.

On December 23rd, 2006, the defendants moved to dismiss the complaint under Fed. R.Civ.P.12(b)(6) arguing that: 1) the claims are time-barred under the Warsaw Convention, which provides the exclusive cause of action for injuries suffered during international flights; 2) Sanchez was not disabled at the time of the alleged accident and thus cannot bring an ADA claim; and 3) the Medical Care Recovery Act does not confer federal jurisdiction over plaintiffs' claims. (Docket No. 17 at 2). Furthermore, the defendants aver that even assuming *arguendo* that plaintiffs have a cause of action under the Puerto Rico tort statutes, it would also be time-barred. *Id.*

Before responding to the Motion to Dismiss, plaintiffs filed a Motion for Leave to File an Amended Complaint. (Docket No. 22). The proposed Amended Complaint

invokes federal jurisdiction under the diversity statute, and requests relief solely under Articles 1802 and 1803 of the Puerto Rico Civil Code. In other words, plaintiffs withdrew the claims under the Warsaw Convention and the ADA.

On February 11th, 2007, plaintiffs filed a Response urging the Court not to dismiss the case and to grant the motion for leave to amend the complaint. (Docket No. 24). Plaintiffs explained that the Warsaw Convention is inapplicable to this case because Honduras allegedly is not a signatory to the same. Plaintiffs also acknowledged that there is no cause of action under the ADA, and that the Medical Care Recovery Act does not confer federal question jurisdiction. *Id.*, at 8 ¶¶ 22–23. Accordingly, plaintiffs formally moved for the voluntary dismissal of the claims brought under those statutes.

On February 12th, 2007, the defendants countered that Honduras is indeed a signatory to the Warsaw Convention, and moved for entry of judgment in their favor inasmuch as plaintiffs' proffered reason for the inapplicability of that statute had been proven wrong. (Docket No. 25 at 2).

On February 25th, 2007, plaintiffs filed a "Response to Opposition to Amend Complaint, Informative Motion and/or for Leave to File," in which they reasserted that Warsaw is not applicable to the case at bar, and that the Court should instead entertain the Amended Complaint. (Docket No. 26). Specifically, plaintiffs for the first time raised the issue that Warsaw is

---

**3.** Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), note following 49 U.S.C. § 40105.

**4.** 42 U.S.C. § 2651–53 and 10 U.S.C. § 1095. The Medical Care Recovery Act "grants the

government a right to recover from a third-party tortfeasor the reasonable value of medical services that the government has furnished." *Holbrook v. Andersen Corp.*, 996 F.2d 1339, 1340 (1st Cir.1993).

**5.** 42 U.S.C. § 12101.

inapplicable because Sanchez was not provided with a passenger ticket.

The defendants promptly replied that Warsaw has been applied to cases with similar facts and circumstances as the one at hand, namely, to accidents in the course of non-ticketed military flights in which the Department of Defense did the contracting with the airliner. (Docket No. 27). *See e.g. In re Air Crash Disaster at Gander, Newfoundland on December 12, 1985,* 660 F.Supp. 1202 (W.D.Ky.1987).

The issue is now ripe for disposition. In view of plaintiffs' unequivocal desire to amend the complaint, and because doing so is not otherwise contrary to Fed.R.Civ.P. 15(a), the Motion for Leave to Amend is hereby **GRANTED.** Therefore, the Court must now rule on whether the Amended Complaint states a claim upon which relief can be granted.

## STANDARD OF REVIEW

### A. *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massa-chusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

The Amended Complaint invokes federal jurisdiction under the diversity statute, and requests relief solely under Puerto Rico law. The defendants counter that the Amended Complaint must be dismissed because the Warsaw Convention provides the exclusive remedy for the claims brought by plaintiffs and, under that statute, the case is time-barred. The Court agrees.

The Warsaw Convention governs air carrier liability for "all international transportation." *El Al Israel Airlines v. Tsui Yuan Tseng,* 525 U.S. 155, 160, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999). The Supreme Court has held that the Warsaw Convention is preemptive and, therefore, "a carrier is not subject to liability under local law for passenger injuries 'covered by' the Convention." *Acevedo–Reinoso v. Iberia Lineas Aereas de Espana,* 449 F.3d 7, 11 (1st Cir.2006) (citing *El Al Israel Airlines,* 525 U.S. at 168, 119 S.Ct. 662). Put another way, the Warsaw Convention is preemptive only if applicable. The Convention's applicability rests on a determination of whether the passenger's injury occurred "on board the aircraft or in the course of any of the operations of embarking or disembarking." Convention Art. 17,

49 U.S.C. § 40105 note.[6]

 In this case, Sanchez alleges that he sustained injuries in Honduras while boarding an airplane bound for Puerto Rico (U.S.A). Both Honduras and the United States are signatories to the Warsaw Convention—as officially documented in the State Department's list of "treaties in force as of 2006"[7]—thus placing the events at issue within the purview of Article 1 of the Warsaw Convention.[8] This, along with the fact that the parties do not dispute that the injuries in question occurred "in the course of embarking" the aircraft, leads the Court to conclude that Warsaw controls the matter at bar.[9] The finding is significant for two reasons.

First, it entails that plaintiffs cannot set forth their claims under any other law.

*See El Al Israel Airlines*, 525 U.S. at 168, 119 S.Ct. 662. Thus, since here the claims are predicated on state law causes of action, the Court finds that the Amended Complaint does not state a claim upon which relief can be granted.

 Second, and perhaps more important, Article 24 of the Warsaw Convention provides that in personal injury cases "covered by the Article 17," "any action for damages, however founded, can only be brought subject to the conditions and limits set out in this convention." Convention Art. 24, 49 U.S.C. § 40105 note. This means that the present case is subject to Article 29 of the Convention, which states that "[t]he right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at

---

**6.** Article 17 states, in pertinent part, that

[t]he carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

**7.** *See* http://www.state.gov/documents/organization/65515.pdf at 15 (under the headings of Aviation treaties).

**8.** Article 1 states, in relevant part, that

(1) This convention shall apply to all international transportation of persons, baggage, or goods performed by aircraft for hire. It shall apply equally to gratuitous transportation by aircraft performed by an air transportation enterprise.
(2) For the purpose of this convention the expression "international transportation" shall mean any transportation in which, according to the contract made by the parties, the place of departure and the place of destination ... are situated either within the territories of two High Contracting parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that

power is not a signatory to this convention. . . .

**9.** Plaintiffs also claim that the Warsaw Convention is not applicable because Sanchez was not provided with a passenger ticket, as required by Article 3 of the Convention. The argument is misplaced. Although Article 3 indeed requires the airliner to "deliver" a passenger ticket, it nonetheless clarifies that "[t]he absence, irregularity, or loss of the passenger ticket shall not affect the existence or the validity of the contract of transportation, which shall non the less be subject to the rules of this convention." Convention Article 3(2), 49 U.S.C. § 40105 note. Failure to provide a passenger ticket only entails that the airliner would not "be entitled to avail himself of those provisions of this convention which exclude or limit his liability." *Id.* **In other words, failure to comply with the passenger ticket requirement of Article 3 does not affect the Convention's applicability, only the airliner's ability to avail itself of the limits imposed on its potential liability.** Convention applicability and carrier liability are two distinct questions under the Warsaw framework. *See Acevedo–Reinoso*, 449 F.3d at 12 (explaining that "[i]f the Convention applies (and local law is thereby preempted), the next question is whether the carrier is liable under the Convention").

the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped." Convention Art. 29, 49 U.S.C. § 40105 note. This time limitation has been consistently interpreted by federal courts as a condition precedent to suit and thus not subject to tolling. *Husmann v. TWA*, 169 F.3d 1151, 1154 (8h Cir.1999); *Fishman by Fishman v. Delta Air Lines*, 132 F.3d 138, 143 (2nd Cir.1998). Consequently, plaintiffs had to file the complaint no later than February 17th, 2003, that is, two years after the accident in question. However, it was not until July 7th, 2006—more than three years after the period prescribed by Art.29 had elapsed—that this complaint was filed.[10]

Since filing suit within two years of the date of the accident is a condition precedent to suit, the present complaint is fatally late and must necessarily be dismissed with prejudice. *See Acevedo–Reinoso*, 449 F.3d at 13. ("[R]ecovery for a personal injury on board an aircraft or in the course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all").

### CONCLUSION

For the reasons elucidated above, the Court **GRANTS** the Motion to Dismiss. All pending motions are **MOOT**.

IT IS SO ORDERED.

---

10. Plaintiffs filed two previous actions for the same events that gave rise to this case. One was dismissed for failure to comply with Fed. R.Civ.P. 4(m), Civil No. 02–1255(PG)(Dockets 10 & 11), and the other was dismissed because plaintiffs did not allege facts "to support the Court's federal subject matter jurisdiction under 28 U.S.C. § 1331." Civil No. 03–1178(JP)(Docket No. 40). Pursuant to *Husmann* and *Fishman*, these filings did not toll the two-year provision established in Article 29 of the Warsaw Convention.