Thomas **DICKSON**, Individually and on behalf of himself and all others similarly situated, plaintiff,

v.

**AMERICAN AIRLINES, INC.,** and Does "1" through "20" inclusive, Defendants.

No. 4:09–CV–750–A.

United States District Court, N.D. Texas, Fort Worth Division.

Jan. 28, 2010.

---

Theodore Carl Anderson, III, John Henry Crouch, IV, Kilgore & Kilgore, Dallas, TX, Paul S. Hudson, Law Offices of Paul S. Hudson PC, Sarasota, FL, for Plaintiff.

Michael V. Powell, Carolyn G. Johnson, Locke Lord Bissell & Liddell LLP, Dallas, TX, for Defendants.

*MEMORANDUM OPINION and ORDER*

JOHN McBRYDE, District Judge.

After having considered the motion of defendant, American Airlines, Inc., to dismiss Plaintiff's Original Class Action Complaint, the court has concluded that the motion should be granted.

I.

*Nature of the Action*

The above-captioned action was initiated by the filing by plaintiff, Thomas Dickson, of his "Plaintiff's Original Class Action Complaint" on December 17, 2009. It is a putative class action brought by plaintiff, individually and on behalf of:

2,000 to 33,000 airline passengers in international air carriage who were delayed over 3 hours on or about December 29th, 2006, some of whom, including the plaintiff, who were confined to AA aircraft on the ground for extended periods of time and affected by related actions of AA . . . .

Compl. at 3, ¶ 4.01(a). Plaintiff alleged that the action was filed under the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"), which provides for compensation to consumers in international air carriage by air for delay of passengers or their baggage or cargo as well as personal injury and death. *Id.* at 1, ¶ 1.01.

According to plaintiff, he, his wife, and his child suffered inconveniences and damages at the hands of defendant when they were passengers on an airplane operated by defendant in late December 2006 as part of their trip from San Francisco to the country of Belize when, due to weather conditions, their flight was diverted from Dallas/Fort Worth International Airport to Austin, Texas. Because of the adverse weather conditions, plaintiff and the members of his family were confined in the aircraft for over eight hours. Plaintiff alleged, on information and belief, that:

[O]ver 2,000 passengers in international air carriage involving up to 120 or more flights on December 29, 2006 were confined to AA aircraft for extended periods of time in excess of 3 hours in poor to

deplorable conditions in route to or from DFW, and up to 33,000 passengers in international air carriage scheduled into or out of DFW on December 29, 2006, on up to 1,100 AA flights were delayed to their final destinations in excess of 3 hours.

*Id.* at 4, ¶ 5.02.

All of plaintiff's individual and class action claims are alleged violations of the Montreal Convention, *id.* at 9–12, ¶¶ 6.01–6.15. Plaintiff seeks individual damages of at least $100,000 and "such higher or lower amount as may be allowed by [the] court for each other class member similarly situated, in excess of $5,000,000 for the proposed class in damages, plus ... court costs, litigation expenses including attorney fees, and interest." *Id.* at 12, ¶ 6.12.

Plaintiff requested that he be appointed as named representative of a class of all passengers similarly situated, and informed the court that he will "seek an incentive amount for such representational duties as the court may determine." *Id.* at 12, ¶ 6.13.

In recognition that he was faced with a defense based on a two-year period of repose contained in the Montreal Convention, plaintiff alleged that "limitations was tolled by other class action filings, including *Harper v. American Airlines,* Civil Action No. 4:09–CV–318–Y, which began in December 2008, and for which class certification was denied on procedural grounds, subject to appeal, by order dated December 16, 2009." *Id.* at 9, ¶ 5.23.

## II.

### *Grounds of Defendant's Motion to Dismiss and Plaintiff's Response to the Motion*

A. *Grounds of the Motion*

On January 11, 2010, defendant filed its motion to dismiss, stating as grounds for dismissal that:

(1) the Montreal Convention's two-year statute of repose has extinguished any claim Plaintiff Thomas Dickson may have under that Convention; (2) expiration of that statute of repose creates a jurisdictional bar to the adjudication of Dickson's claim; (3) as a matter of law, no principle of "tolling" saves Dickson's action from the two-year statute of repose; (4) Dickson may not bring a "piggyback" proposed class action on a prior failed class action, as the Complaint seeks to do; and (5) Dickson's claims for "inconvenience, emotional and physical distress and injury, deprivation of liberty" and other consequential damages including loss of vacation or work time and loss of enjoyment of life, and attorneys' fees fail to state a claim upon which relief can be granted because the Montreal Convention does not allow recovery for such alleged damages.

Mot. to Dismiss at 1–2.

B. *Plaintiff's Response to the Motion*

Plaintiff took the following positions in his response:

1. He maintained that the Montreal Convention's two-year period of repose does not bar this action because the period of repose was tolled from December 29, 2008, through December 16, 2009. According to plaintiff, the confinement of he and his family on defendant's airplane began on December 29, 2006, and ended on December 30, 2006, which would be the beginning date of the two-year period of repose. Plaintiff argued that the period of repose was tolled from December 29, 2008, the date on which the *Harper* putative class action was filed, until December 16, 2009, when, he contends, class certification and his motion to intervene as a class representative were denied in *Harper,*

thus, when the tolling is considered, making the filing of his complaint in the instant action on December 17, 2009, within the two-year period of repose.

2. As to defendant's argument that there can be no tolling of the Montreal Convention's two-year period of repose, plaintiff contended that defendant's position is contrary to Supreme Court precedent, inconsistent with United States judicial policy, and is not required by international law or as an intended result of the Montreal Convention.

3. Plaintiff contended that he does not seek to maintain a "piggyback" class action "but only to protect his own rights and the rights of those of others entitled to delay compensation under the [Montreal Convention] who were delayed in the same mass delay and stranding incident." Resp. at 10.

4. Finally, plaintiff argued that defendant's contentions that plaintiff's complaint seeks recovery of damages and other relief not contemplated by the Montreal Convention are without merit.

## III.

### Analysis

#### A. *The Montreal Convention and Its Two–Year Repose Provision*

The court refers the reader to *Bassam v. American Airlines, Inc.,* 287 Fed.Appx. 309, 312 (5th Cir.2008) (unpub.), for a summary of the history of the Montreal Convention, which provides the exclusive remedies of international passengers against their air carriers. Under the heading "Basis of Claims," the Convention states:

In the carriage of passengers, baggage and cargo, *any action for damages,* however founded, whether under this Convention or in contract or in tort or otherwise, *can only be brought subject to the conditions* and such limits of liability *as are set out in this Convention* without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

Resp., App. at 56, art. 29 (emphasis added). And, one of the Convention's conditions appears under the heading "Limitation of Actions" as follows:

1. The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped.

2. The method of calculating that period shall be determined by the law of the court seised of the case.

*Id.* at 58, art. 35.

#### B. *The Repose and Tolling Disputes*

■ Inasmuch as this action was not instituted until the lapse of almost three years after commencement of the Montreal Convention's two-year period of repose, if any part of the action is to survive the bar of repose, plaintiff must succeed on the tolling theory he alleges in paragraph 5.23 of his complaint, i.e., that "limitations was tolled by other class action filings, including *Harper v. American Airlines.*" Compl. at 9, ¶ 5.23. Three putative class actions previously have been filed against American, apparently by the same attorney who filed the instant action, in which claims were made based on inconveniences and damages suffered by reason of the late December 2006 weather conditions.

Defendant maintains that the class action tolling principles established by the Supreme Court in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 561, 94

S.Ct. 756, 38 L.Ed.2d 713 (1974), *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 353–54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), and *Chardon v. Fumero Soto,* 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983), do not apply to this case and that, therefore, plaintiff's claims were barred no later than two years after the date in late December 2006 when plaintiff's carriage on defendant's airplane stopped. Defendant's argument against tolling is predicated on case authority that the repose language in question created a condition precedent to the bringing by a plaintiff of a damage action under the Convention, with the consequence that the tolling concept discussed in the Supreme Court opinions in the context of statutes of limitations simply does not apply. Defendant cites as authority for its position rulings in *Husmann v. Trans World Airlines, Inc.,* 169 F.3d 1151, 1154 (8th Cir. 1999); *Fishman v. Delta Air Lines, Inc.,* 132 F.3d 138, 143–44 (2d Cir.1998); *McCaskey v. Continental Airlines, Inc.,* 159 F.Supp.2d 562, 580–81 (S.D.Tex.2001); *Sanchez Morrabal v. Omni Air Services Co.,* 497 F.Supp.2d 280, 285 (D.P.R.2007); *Magnus Electronics, Inc. v. Royal Bank of Canada,* 611 F.Supp. 436, 443 (N.D.Ill. 1985).

■ The court concludes that defendant's arguments and authorities support its position that class action tolling is not applicable to the Montreal Convention two-year repose provision. The language of the Convention could not make any plainer that one of the conditions for the existence of an action under the Convention for damages is that it be brought within a period of two years. *Supra* at 626. The bringing of the action within two years was, by the express language of the Convention, a condition precedent—"any action for damages ... can only be brought subject to the

conditions ... as are set forth in this Convention." *Id.* This language leaves no room for the application of a tolling theory, class action or otherwise, designed to overcome the two-year condition precedent.

The time element expressed in the Convention is not a limitation provision but is a part of the definition of the right to recover damages based on the provisions of the Convention. *See Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 415–17, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998); *Mid–State Horticultural Co. v. Pa. R.R. Co.,* 320 U.S. 356, 363–64, 64 S.Ct. 128, 88 L.Ed. 96 (1943) (saying that "[t]he cause of action, the very foundation for relief, is extinguished" and "the lapse of time ... destroys the liability," at 364 ("internal quotation marks omitted")); *Burlington N. v. Poole Chem. Co., Inc.,* 419 F.3d 355, 362–64 (5th Cir.2005); *Archer v. Nissan Motor Acceptance Corp.,* 550 F.3d 506, 508 (5th Cir.2008).

■ Even if the court were incorrect in concluding that there cannot be class action tolling as to a Montreal Convention claim, the claims asserted by plaintiff in the instant action nevertheless would be barred. In no event could plaintiff gain the benefit of class action tolling from the first two of the previously filed class actions because plaintiff would not have been a putative class member in either of them.

The first of the previously filed class actions, styled "*Kathleen Hanni, Individually and on Behalf of All Others Similarly Situated, Plaintiff v. American Airlines, Inc., Defendant,*" which was filed December 28, 2007, is now pending in the United States District Court for the Northern District of California, Oakland Division, as Case No. 4:08–CV–732–CW.[1] The second,

---

1. *Hanni* was filed December 28, 2007, in the

Superior Court of the State of California in

styled "*Catherine Ray, on Behalf of Herself and All Others Similarly Situated, Plaintiff v. American Airlines, Inc.,*" which was filed on December 27, 2007, now pends in the United States District Court for the Western District of Arkansas, Fayetteville Division, as Case No. 5:08–CV–5025–RTD.[2] Neither *Hanni* nor *Ray* involved claims based on the Montreal Convention. The putative class (classes) in *Hanni* expressly excluded passengers in international air carriage, whose claims would be governed by the Montreal Convention, by defining the class (classes) as being "domestic travelers who traveled on an American Airlines flight scheduled to land at Dallas/Fort Worth International Airport on December 29, 2006 that was diverted to another airport . . . ." Case No. 4:08–CV–732–CW, Docket Entry 311 at 1–2. The complaint by which *Ray* was instituted describes plaintiff as a domestic traveler. Case No. 5:08–CV–5025–RTD, Docket Entry 1, 2d p., ¶ 6. By not mentioning the Montreal Convention, the claims made in *Ray* imply that they were limited to domestic travelers. Moreover, the claims were not of a kind that would be asserted on behalf of international travelers, such as those making up the putative class presented in the instant action. *Id.*, Docket Entry 111 at 4–15.[3]

Notwithstanding plaintiff's broad allegation in the complaint that "limitations was tolled by other class action filings," Compl. at 9, section 5.23, plaintiff does not contend

in his response to defendant's motion to dismiss that he gained any tolling benefit from *Hanni* or *Ray*. Rather, he pitches his entire tolling argument on the filing and pendency of the third previously filed class action, *Harper v. American Airlines*.

*Harper* was filed December 29, 2008, in the United States District Court for the Northern District of Alabama, Huntsville Division, under the style "*James D. Harper, Jr., Individually and on Behalf of Himself and All Others Similarly Situated, Plaintiff v. American Airlines, Inc., and Does "1" through "20" Inclusive, Defendant.*" Case No. 4:09–CV–318–Y, Docket Entry 1. All claims asserted in *Harper* were based on the Montreal Convention. Harper alleged that he, his wife, and three children were on defendant's airplane when the bad weather hit on December 29, 2006, pursuant to tickets they purchased for air transportation from Cancun, Mexico, to Huntsville, Alabama, by way of Dallas/Fort Worth International Airport. The putative class in *Harper* consisted of "600 to 2,400 airline passengers in international carriage by air confined on aircraft by Defendants for 3 to 11 hours on December 29th, 2006, and who were otherwise affected by related actions of the Defendants as set forth [in other parts of the complaint.]" *Id.* at 2d p., ¶ 5.a. *Harper* was transferred to the Northern District of Texas, Dallas Division, on May 29, 2009, and then to the Fort Worth Division, where it was placed on the

and for the County of Napa and was removed to the United States District Court for the Northern District of California, San Francisco Division, on January 31, 2008. Case No. 4:08–CV–732–CW, Docket Entry 1. It now pends in the Oakland Division.

2. *Ray* was filed December 27, 2007, in the Circuit Court of Washington County, Arkansas, and was removed to the United States District Court for the Western District of Arkansas, Fayetteville Division, on January 31,

2008. Case No. 5:08–CV–5025–RTD, Docket Entry 1.

3. By an April 2, 2009, memorandum opinion, the motion for class certification in *Ray* was denied, and defendant's motion for summary judgment was granted, dismissing the case with prejudice, Case No. 5:08–CV–5025–RTD, Docket Entry 111; and, on that same date a judgment dismissing the *Ray* case with prejudice was entered, *id.*, Docket Entry 112.

docket of Judge Terry R. Means as Case No. 4:09–CV–318–Y. For the reasons given below, the court concludes that plaintiff could find no comfort in *Harper* even if he were to be given the benefit of a class action tolling.

Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure directs that "[a]t an early practicable time after a person sues ... as a class representative, the court must determine by order whether to certify the action as a class action." To facilitate compliance with this rule, a local rule of this court directs that "[w]ithin 90 days of filing of a class action complaint, or at such other time as the presiding judge by order directs, an attorney for the plaintiff must move for certification." Local Civil Rules of the United States Dist. Ct. for the N.D. Tex. LR 23.2. The ninety-day deadline commenced no later than when *Harper* was transferred from Alabama to this court on May 29, 2009. Therefore, the deadline for the filing of a motion for class certification was no later than August 27, 2009. The *Harper* plaintiff did not move for class certification during the allotted ninety-day period, nor did the *Harper* court order a filing time different from the ninety-day time limit prescribed by the local rule.[4] As a result, after August 27, 2009, *Harper* no longer was a putative class action. *See Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1019 (9th Cir.2000) (stating that "whatever tolling applied, it ceased once the deadline for seeking class certification passed ....").

If *Harper* ever provided plaintiff the benefit of a tolling of the two-year period of repose, the tolling, at most, operated from December 29, 2008, until August 27, 2009, while *Harper* was a putative class action. *See Aguilera,* 223 F.3d at 1019; *Javier H. v. Garcia–Botello,* 239 F.R.D. 342, 349 (W.D.N.Y.2006); *Lee v. Dell Prods., L.P.,* 236 F.R.D. 358, 362 (M.D.Tenn.2006). Thus, even given the benefit of such a tolling, plaintiff's "right to damages [was] extinguished" by reason of his failure to bring his action "within a period of two years ... from the date on which the carriage stopped." Resp.App. at 58, art. 35.

▮ Moreover, the court agrees with the other alternative ground of defendant's motion that the putative class action in question cannot be "piggybacked" on the *Harper* class action. As the Fifth Circuit explained in *Salazar–Calderon v. Presidio Valley Farmers Ass'n,* 765 F.2d 1334, 1351 (1985), putative class members are not permitted to piggyback one class action onto another and thus toll the statute of limitations indefinitely. *See also Basch v. Ground Round, Inc.,* 139 F.3d 6, 11–12 (1st Cir.1998); *Griffin v. Singletary,* 17 F.3d 356, 359–60 (11th Cir.1994); *Andrews v. Orr,* 851 F.2d 146, 149–50 (6th Cir.1988) (stating that while individual complaints are tolled during the pendency of a class action there was no tolling for future class actions by putative class members); *Korwek v. Hunt,* 827 F.2d 874, 879 (2d Cir. 1987). The case authorities establish that even if there were a tolling that could

---

4. The *Harper* plaintiff filed a motion for class certification on October 28, 2009. Case No. 4:09–CV–318–Y, Docket Entry 51. On that same date, the *Harper* plaintiff filed a motion to declare his motion for class certification timely or, in the alternative, for an extension of time for the filing of a motion for class certification. *Id.,* Docket Entry 53, On November 2, 2009, defendant filed in *Harper* an opposition to the *Harper* plaintiff's motion and a cross-motion to strike the motion for class certification. *Id.,* Docket Entry 57. By order signed December 16, 2009, the *Harper* court denied the motion to declare the motion to certify timely or for an extension, and granted the defendant's cross-motion to strike. *Id.,* Docket Entry 69 (Mot. to Dismiss, App. at 5–13).

benefit an individual plaintiff based on an earlier-filed class action, the tolling would salvage no more than the plaintiff's individual claim, and could not serve as a basis for untimely pursuit by the plaintiff of yet another class action on behalf of putative class members.

For the reasons given above, the court concludes that any right plaintiff otherwise had to bring the instant action was extinguished by his failure to bring the action within a period of two years reckoned from the date on which defendant's carriage of plaintiff stopped. That conclusion prevails even if plaintiff is given the benefit of tolling during the period of time when *Harper* was a viable putative class action. If, as plaintiff seems to contend, the Convention's repose provision could be overcome by equitable considerations, there is no such equitable factor in this case.

## C. *The Other Grounds of Defendant's Motion*

Having decided that plaintiff did not bring this action timely, the court finds unnecessary to discuss the remaining grounds of defendant's motion. However, the court's silence as to those grounds is not to be taken as any indication that the court questions the merit of them.

Apparently the informal request made by plaintiff in his response for permission to file an amended complaint is related to the grounds of defendant's motion that the court is not deciding. The request to amend appears to have been added at the end of the response as an afterthought. While the local rules of this court authorize a document to contain more than one motion, "[a]ny such document must clearly identify each included … motion … in its title." Rule LR 5.1(c) of the Local Civil Rules of the United States Dist. Ct. for the N.D. of Tex. Therefore, the informal request cannot be treated as a motion.

Moreover, even if the court were to treat the request as a motion for leave to amend, it nevertheless would be ineffective because of noncompliance with Rule LR 15.1(a) of the Local Civil Rules, which requires any motion for leave to amend to be accompanied by the proposed amended complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that a court "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). The court concludes that justice does not require allowing plaintiff to replead in this case. *See, e.g., Klein v. Gen. Nutrition Co., Inc.,* 186 F.3d 338, 346 (3d Cir.1999) (taking into account in the denial of leave to amend the lapse of time without a request to amend and that, instead of seeking leave to file an amended complaint, the plaintiffs chose to respond to the motion to dismiss); *Zucker v. Quasha,* 891 F.Supp. 1010, 1019 (D.N.J.1995) (including as reasons for denying a request to amend that the request was not properly before the court by way of a notice of motion and that plaintiff had not submitted a copy of the proposed amended complaint in accordance with a local rule). The court cannot think of anything worthwhile that would be gained by giving plaintiff an opportunity to file an amended complaint, and declines to do so.

## IV.

### *Order*

Consistent with the foregoing,

The court ORDERS that plaintiff's complaint be, and is hereby, dismissed.